**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILBER ALEXANDER DOMINGUEZ MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | Civil Action No. 26-13538 (BRM)<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Petitioner Wilber Alexander Dominguez Martinez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.)

Petitioner, a citizen of El Salvador, entered the United States unlawfully on or about July 17, 2016. (ECF No. 1 at 3.) Petitioner applied for asylum in 2023, and that petition remains pending. (*Id.*) On September 16, 2026, Immigration and Customs Enforcement ("ICE") officials detained Petitioner. (*Id.* at 4.)

On October 17, 2026, Petitioner filed this Petition arguing that his unlawfully detained under 8 U.S.C. § 1226 without an individualized bond hearing and without an arrest warrant. (*See generally* ECF No. 1.) On November 4, 2026, Petitioner filed a letter update informing the Court that Petitioner was initially scheduled for a bond hearing for October 20, 2026, and at Petitioner's request, that hearing was rescheduled to October 29, 2026, and thereafter to November 3, 2026. (ECF No. 5.) Petitioner submits that on November 3, 2026, he requested another continuance and the immigration judge denied the request. (*Id.*) Accordingly, Petitioner withdrew his request for

custody redetermination, with leave to refile. (*Id.*) The immigration judge granted the request to withdraw with leave to refile. (*Id.*)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner argues that he is unlawfully detained without a bond hearing. (*See generally* ECF No. 1.) Petitioner now submits that after being granted two continuances for his bond hearing, he withdrew the request for custody redetermination, with leave to refile. (ECF No. 5.)

Petitioner is detained under Section 1226(a), which authorizes the Government to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United*

*States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 36 at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an immigration judge, and to appeal the IJ's decision to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278-79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the non-citizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Petitioner filed this Petition without first having his bond hearing and Petitioner now submits that Petitioner has withdrawn his request for bond, with leave to refile. As it appears that Petitioner has not had bond hearing, Petitioner has failed to exhaust his administrative remedies. *See Saravia v. Green*, No. 17-34559, 2017 WL 651335, at * 3 (D.N.J. Dec. 15, 2017) (citing *Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'") (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)). Therefore, to the extent Petitioner argues that his rights are being violated by his detention under 8 U.S.C. § 1226(a), Petitioner has not exhausted his administrative remedies.

The Court finds it would not be futile to require exhaustion. "Courts in the Third Circuit have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond

hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeal's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)." *Duque v. Soto*, No. 26-cv-2638, 2026 WL 904231, at *2 (D.N.J. Apr. 2, 2026). But that is not the case here. Failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-cv-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.").

Because Petitioner has not exhausted his administrative remedies, his request for release in this Petition is unexhausted and must be dismissed as such. *Duvall v. Elwood*, 336 F.3d 228, 233 (3d Cir. 2003)) (noting that detainee's failure to exhaust administrative remedies was "fatal to the District Court's jurisdiction over her habeas petition").

Accordingly, and for good cause appearing,

**IT IS** on this 13th day of November 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**